**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X   Case No.

CHIQUITA KANE,

                                              Plaintiff,                      **COMPLAINT**

            -against-

FINANCIAL RECOVERY SERVICES, INC.

                                              Defendant.

------------------------------------------------------------------------X

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

1. That this is an action for damages brought by an individual consumer against defendant for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2. That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. That this Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. That this Court has venue pursuant to 28 U.S.C. § 1391(b), in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. That plaintiff is a natural person who resides in this District.

6. That plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) in that the alleged debt that defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes to Juniper and is therefore a consumer debt within the meaning of 15 U.S.C. § 1692a(5).

7. That plaintiff is a reasonable consumer who acted reasonably under the circumstances alleged herein.

8. That defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

9. That defendant uses the mail to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

10. That upon information and belief, defendant is a foreign business corporation incorporated in Minnesota.

AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§ 1692c(a)(2), 1692e and 1692e(10)

11. That plaintiff re-alleges paragraphs 1-10 as if fully re-stated herein.

12. That in the year 2011 a debt collector (or "first debt collector") sent a debt collection letter to plaintiff on behalf of Barclays Bank Delaware in an attempt to collect an allegedly defaulted Juniper debt.

13. That thereafter plaintiff conferred with her attorneys at Fagenson & Puglisi concerning the debt collector's attempt to collect the debt from her.

14. That subsequent thereto in the year 2011, Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to said first debt collector informing said debt collector that Fagenson & Puglisi represents plaintiff and that plaintiff was disputing the Juniper debt.

15. That Ms. Puglisi's letter also requested documentation supporting the claim.

16. That thereafter the first debt collector wrote to Ms. Puglisi with purported validation which it stated it had received from Barclays Bank Delaware as a result of Ms. Puglisi's letter.

17. That thereafter in the year 2011 a different debt collector (or "second debt collector") communicated with Fagenson & Puglisi on behalf of Barclays Bank Delaware in an attempt to collect the same defaulted Juniper debt.

18. That subsequent thereto by letters dated May 3, 2012, June 4, 2012 and July 5, 2012 defendant wrote directly to plaintiff in an attempt to collect the said Juniper debt on behalf of Barclays Bank Delaware.

19. That defendant sent the said letters to plaintiff at her home.

20. That upon her receipt of defendant's letters plaintiff read same.

21. That upon reading defendant's letters plaintiff felt distress, anxiety, a sense of being harassed, confusion and irritation.

22. That, upon information and belief, the first debt collector informed Barclays Bank Delaware that plaintiff was represented by counsel.

23. That, as evidence that Barclays Bank Delaware knew of Fagenson & Puglisi's representation of plaintiff, the second debt collector on behalf of Barclays Bank Delaware communicated with Fagenson & Puglisi regarding the debt, but did not communicate with plaintiff directly.

24. That the second debt collector could have known about Fagenson & Puglisi only through Barclays Bank Delaware.

25. That, on information and belief, upon Barclays Bank Delaware placing the debt with defendant for collection, Barclays Bank Delaware did inform defendant that plaintiff was represented by counsel in the matter of the collection of the debt.

26. That, in any event, defendant had an affirmative duty to inquire of Barclays Bank Delaware whether plaintiff was represented by counsel in the matter, before defendant contacted plaintiff directly.

27. That defendant did not inquire of Barclays Bank Delaware whether plaintiff was represented by counsel before defendant sent its letters to plaintiff.

28. That, notwithstanding being informed by Barclays Bank Delaware that plaintiff was represented by counsel, defendant sent its letters dated June 4, 2012 and July 5, 2012 directly to plaintiff at her home.

29. That, notwithstanding its failure to comply with its affirmative duty to inquire of Barclays Bank Delaware whether plaintiff was represented by counsel, defendant sent its letters dated June 4, 2012 and July 5, 2012 directly to plaintiff at her home.

30. That defendant's sending of its collection letters directly to plaintiff constitutes a violation of the FDCPA, § 1692c(a)(2).

31. That defendant is further in violation of the FDCPA, §§ 1692e and 1692e(10) in that defendant's conduct in contacting plaintiff directly after knowledge of attorney representation constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into contacting defendant directly and to disregard the representation of her counsel.

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

32. That plaintiff re-alleges paragraphs 1 to 31 as if fully re-stated herein.

33. That defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

34. That in the exercise of reasonable care defendant ought to have ensured that for any account on which an attorney represented the consumer any communication by defendant was made with the attorney, and not with the consumer directly.

35. That the fact that defendant contacted plaintiff directly regarding the same debt for which she had attorney representation indicates a failure on the part of defendant to comply with or to perform its duty.

36. That defendant breached its duty to collect plaintiff's debt with reasonable care.

37. That, on information and belief, Barclays Bank Delaware places tens, if not hundreds, of consumer accounts of New York residents each month with defendant for collection.

38. That defendant maintained no agreement or procedure with Barclays Bank Delaware to ensure that Barclays Bank Delaware does not place with defendant accounts of legally–represented consumers for collection or, at the very least, to ensure that defendant does not communicate directly with legally represented consumers.

39. That defendant's act of communicating with plaintiff directly by its letters dated June 4, 2012 and July 5, 2012 is a deceptive and misleading act and practice.

40. That said deceptive and misleading act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

41. That defendant's deceptive and misleading act and practice was consumer-oriented, in that defendant's act of communicating with a legally-represented consumer directly despite knowledge that she is represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which

Barclays Bank Delaware placed with defendant for collection and on which there was legal representation.

42.  That defendant's said failure has a broad impact on consumers at large whose accounts are placed by Barclays Bank Delaware with defendant for collection and who are represented by counsel in the matter of the collection of the Barclays Bank Delaware debt.

43.  That defendant owes a duty to plaintiff to honor her right to legal representation and defendant's failure to honor said right resulted in defendant sending its letters to plaintiff at her home, thereby improperly encouraging plaintiff to contact defendant directly about the debt for which she had the representation of counsel.

44.  That, therefore, defendant's failure to observe plaintiff's legal representation and its sending of the letters to plaintiff at her home was deceptive and misleading in a material way.

45.  That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

46.  That plaintiff suffered distress, anxiety, a sense of being harassed, confusion and irritation upon receiving defendant's letters, even after defendant knew that she was represented by counsel.

47.  That defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

48.  That in that defendant maintained no agreement or procedure with Barclays Bank Delaware to ensure that Barclays Bank Delaware does not place with defendant accounts of legally–represented consumers for collection or, at the very least,

to ensure that defendant does not communicate directly with legally-represented consumers, defendant acted willfully or knowingly in its violation of § 349(a).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(b) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(c) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL § 349(h);

(d) statutory damages pursuant to NYGBL § 349(h) in an amount to be determined at time of trial;

(e) actual damages pursuant to NYGBL § 349(h) in an amount to be determined at time of trial

(f) treble damages pursuant to NYGBL § 349(h) in an amount to be determined at time of trial;

(g)  reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(h) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       May 28, 2013.

                                                /s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com